UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISON
1:22-CV-00287

| | | |
|---|---|---|
| MARTIN RUSSELL DIAMOND,<br><br>Plaintiff,<br><br>v.<br><br>ODEDERE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ANSWER OF DEFENDANTS CRISCO, PARKER, AND EUOTE** |

**NOW COME** Defendants Jennifer Crisco, Jacob Parker, and Tyler Eoute, (hereinafter "Answering Defendants"), by and through counsel, Bettina J. Roberts, Assistant Attorney General, and responds to Plaintiff's Complaint [D.E. 1] as follows:

## I. PARTIES TO THIS COMPLAINT

Answering Section I, Parties to the Complaint, it is admitted that at the time of the filing of the Complaint, Plaintiff was incarcerated at Scotland Correctional Institution, located at 22385 McGirt's Bridge Road in Laurinburg, North Carolina. It is further admitted that at the time of the filing of the Complaint, Defendants Crisco, Parker, and Euote were employed by the North Carolina Department of Public Safety ("NCDPS"). It is further admitted that Plaintiff purports to sue Defendants Crisco, Parker, and Euote in their individual capacities. Except as admitted herein, denied.

## II. BASIS FOR JURISDICTION

Answering Defendants incorporate and allege the responses hereinabove. Answering Section II, Basis for Jurisdiction, there are no allegations directed to Answering Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon

information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983. Except as admitted herein, denied.

## III. PRISONER STATUS

Answering Defendants incorporate and allege the responses hereinabove. Answering Section III, Prisoner Status, there are no allegations directed to Answering Defendants, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff is currently a convicted and sentenced state prisoner. Except as admitted herein, denied.

## IV. STATEMENT OF CLAIM

Answering Defendants incorporate and allege the responses hereinabove. Answering Section IV, Statement of Claim, Answering Defendants deny the allegation that are directed against them. Answering Defendants further deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal law, were violated. Except as specifically admitted herein, denied.

## V. INJURIES

Answering Defendants incorporate and allege the responses hereinabove. Answering Section V, Injuries, Answering Defendants deny the allegation that are directed against them. Answering Defendants further deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal law, were violated. Except as specifically admitted herein, denied.

## VI. RELIEF

Answering Defendants incorporate and allege the responses hereinabove. Answering Section VI, Relief, denied, including to the extent that compensatory, declaratory, injunctive relief and/or punitive damages can be construed to be sought by Plaintiff herein against Answering

Defendants. It is specifically denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against Answering Defendants.

## VII. ADMINISTRATIVE PROCEDURES

Answering Defendants incorporate and allege the responses hereinabove. Answering Section VII, Administrative Procedures, there are no allegations directed to Answering Defendants, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff has submitted numerous grievances pursuant to the Administrative Remedy Procedure during the duration of his incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Section VII is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required by law in connection with the claims asserted in this action against Answering Defendants. Except as herein admitted, denied.

## VIII. PREVIOUS LAWSUITS

Answering Defendants incorporate and allege the responses hereinabove. Answering Section VIII, Previous Lawsuits, there are no allegations directed to Answering Defendants, therefore no response is required. To the extent a response is required, any previous lawsuits Plaintiff filed are in writing and speak for themselves. Except as herein admitted, denied.

## IX. CERTIFICATION AND CLOSING

Answering Defendants incorporate and allege the responses hereinabove. Answering Section IX, Certification and Closing, there are no allegations directed to Answering Defendants, and therefore no response is required. To the extent a response is required, denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT**

**INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, ANSWERING DEFENDANTS AVER:**

## FIRST DEFENSE

Qualified immunity shields Answering Defendants in their individual capacities from Plaintiff's claims against them for monetary damages, if any, as Answering Defendants did not violate any clearly-established constitutional rights of which a reasonable person would have known.

## SECOND DEFENSE

At the time of the incident alleged in the Complaint, Answering Defendants were public officials and any claims against them in their individual capacities are barred by the doctrine of public official immunity.

## THIRD DEFENSE

No acts or failures to act by Answering Defendants were a proximate cause of the injuries or damages, if any, complained of by Plaintiff.

## FOURTH DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Answering Defendants, and Answering Defendants plead such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Answering Defendants required to support a claim for punitive damages.

## FIFTH DEFENSE

Answering Defendants deny that they deprived Plaintiff of or violated any right under the Constitution of the United States or other federal law.

## SIXTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Answering Defendants, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Answering Defendants plead this failure in bar of Plaintiff's claims against them.

**SEVENTH DEFENSE**

To the extent that any injuries or damages did arise out of the facts alleged by Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and thus Plaintiff failed to mitigate his own damages and Answering Defendants plead such failure as a bar to damages or requiring a reduction of Plaintiff's alleged damages.

**EIGHTH DEFENSE**

Plaintiff had a duty to exercise reasonable care for his own safety and well-being. As a direct and proximate result of his own contributory negligence, Plaintiff contributed in whole or in part to the injury of which Plaintiff now complains, and Answering Defendants plead the contributory negligence of Plaintiff in bar of Plaintiff's claims.

**NINTH DEFENSE**

Answering Defendants contend that, if the jury should find that any other person or entity breached any duty of reasonable care applicable to Plaintiff as referenced in the Complaint, and that such breach was a proximate cause of injury to Plaintiff and thereby interrupted the causal relationship between any alleged – but denied – intentional acts or deliberate indifference of Answering Defendants with respect to the alleged injury to Plaintiff, Answering Defendants plead such intervening and superseding negligence and/or deliberate indifference as a complete bar against recovery by Plaintiff from Answering Defendants in this matter.

**TENTH DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations

of negligent acts committed by Answering Defendants, as state employees, while acting within the course and scope of their employment with the North Carolina Department of Public Safety.

**ELEVENTH DEFENSE**

Answering Defendants affirmatively assert that they engaged in good faith efforts to comply with the law.

**TWELTH DEFENSE**

Plaintiff's Complaint fails to allege sufficient facts to allow Answering Defendants to determine all potentially applicable affirmative defenses at this time, and as such, Answering Defendants reserve the right to amend this Answer to include further affirmative defenses.

**DEMAND FOR JURY TRIAL**

Answering Defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint [D.E. 1], and having asserted the above-noted defenses and immunities, Answering Defendants pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Answering Defendants;
3. That costs of this action, including reasonable attorney's fee, be taxed to Plaintiff;
4. For a trial by jury of all issues so triable; and
5. For such other and further relief as the Court deems just and proper.

This the 12th day of August, 2022.

**JOSHUA H. STEIN**
**Attorney General**

/s/ Bettina J. Roberts
Bettina J. Roberts

Assistant Attorney General
North Carolina Department of Justice
N.C. State Bar No. 43356
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6540
Fax: (919) 716-6761
E-mail: bjroberts@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **ANSWER OF DEFENDANTS CRISCO, PARKER, AND EUOTE** with the Clerk of the Court using the CM/ECF System. I also certify that, on this date, I served this document on all non-CM/ECF participant(s) by depositing a copy in the U.S. mail, postage paid, addressed as follows:

Martin Russell Diamond
OPUS # 1324877
Scotland Correctional Institution
22385 McGirt's Bridge Road
Laurinburg, NC 28353
*Pro se plaintiff*

This the 12th day of August, 2022.

/s/ Bettina J. Roberts
Bettina J. Roberts
Assistant Attorney General