FILED
NOV 30 2022
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By

# THE DEFENDANT'S ANSWER TO THE COMPLAINT

## I. The Parties Filing This Answer to the Complaint

| | |
|---|---|
| Name | Odeteayo A. Odedere |
| Street Address | 406 Smokehouse Ln. |
| City and County | Albemarle, Stanly County |
| State and Zip Code | NC 28001 |
| Telephone Number | 704-475-5584 |
| E-mail Address | tayoojesus@gmail.com |

## II. The Plaintiff

| | |
|---|---|
| Name | MARTIN RUSSELL DIAMOND |
| Street Address | 2335 McGirts Bridge Road |
| City and County | Laurinburg, Richmond County |
| State and Zip Code | NC 28353 |
| Telephone Number | 910-844-3078 |
| E-mail Address | [redacted] |

## III. The Answer and Defenses to the Complaint

### A. Basis for Jurisdiction

Complaint

In his first paragraph, the plaintiff alleged that I, the defendant, was employed by the state of North Carolina, Department of Public Safety as a Unit Manager at Southern Correctional Institution Montgomery County, 272 Glen Rd. Troy, NC 27371.

Answer

The defendant admits that he was employed by the state of North Carolina, Department of Public Safety as a Unit Manager at Southern Correctional Institution Montgomery County, 272 Glen Rd. Troy, NC 27371 between July 2019, and May 2022.

Complaint

In his first paragraph, the plaintiff alleged that I, the defendant, was the highest authority on the housing unit, charged with the custody and care of the plaintiff at the time relevant to this complaint.

Answer

The defendant admits that he was the highest authority on the housing unit, charged with the custody and care of the plaintiff at the time relevant to this complaint.

Complaint

In his first paragraph, the plaintiff alleged that I, the defendant, acted under the color of the state at the time relevant to this complaint.

Answer

The defendant admits that he acted under the color of the state of North Carolina at the time relevant to this complaint.

**B. Statement of Claim- Part D**

Complaint

In paragraph 4 of this section, the plaintiff alleges that the defendant Odedere approached the plaintiff's cell area and immediately pepper sprays the plaintiff in the face causing pain, suffering, physical injury, and emotional distress.

Answer

The defendant denies the allegation contained in this paragraph of the complaint. At the time and date relevant to this complaint, the defendant was being housed at the maximum-security housing unit at Southern Correctional Institution. This housing unit was a restrictive housing unit that was designed for the intensive control of violent offenders, including but not limited to offenders that pose threat to the safety and security of the state of North Carolina and the public, offenders that pose threat to safety and security of other offenders and correctional staff, and offenders that continue to violate the prison policy and the prison facility housing rules. At the time of the incident relevant to this complaint, the plaintiff was classified as an intensive controlled offender, due to his numerous incurred infractions and other factors that fits the description of violent offender noted above.

Also, at the time of the incident relevant to this complaint, the plaintiff, willfully, was tempering with the locking device of his cell-door, preventing correctional staff from securing it. This was a Class B disciplinary offense under the prison policy and procedure in the state of

North Carolina. The plaintiff's action was posing serious threat to safety and security of the prison facility, correctional staff, and ultimately the public.

In addition, the plaintiff was given several direct orders, by the defendant, including other defendants mentioned in this complaint, which the plaintiff refused to comply with. **The plaintiff stated that defendant Odedere approached the plaintiff's cell area and immediately pepper sprays the plaintiff in the face**. This is not true, and the plaintiff did not provide evidence, witness statements, or a copy of the incident report relevant to the time of this complaint to support his claim. The truth is that the defendant entered cell block B and began given the plaintiff several direct orders to stop tempering with locking device, and to remove his hand from the wicket-door, but the defendant refused to comply to the lawful orders.

**The plaintiff stated that he asked for the Officer-in-charge, and the defendant did not acknowledge the request**. The defendant does not recall this request, and therefore, does not have enough information to respond.

In paragraph 5 of this section, **the plaintiff stated that he removes a hand, grabs the tray, and tosses it out of the cell food trap.** This is not true. The truth is that the plaintiff, who has refused to comply to multiple direct order given to him by the defendant and other correctional officers, began to assault the defendant by throwing unknown substances and liquid substances that smells like urine and feces, at the defendant and other staff. See the Counterclaims section of this Response.

<u>Complaint</u>

In paragraph 5 of this section, the plaintiff alleges that the defendant pepper sprays the plaintiff and begins to slam the food trap against the plaintiff's hands multiple times, causing pain, suffering, physical injury, and emotional distress.

Answer

The defendant admitted in part that a 2.5 second of k9 OC pepper spray administered towards the plaintiff facial area to gain compliant and to restore order after the plaintiff assault on the defendant.

The defendant denies the part of the complaint that states that the defendant begins to slam the food trap against the plaintiff's hands multiple times, causing pain, suffering, physical injury, and emotional distress. This statement is not true, and the plaintiff did not provide any evidence, witness statements, or a copy of the incident report relevant to the time of this complaint to support his claim. At no time did the defendant or any other correctional staff slammed the wicket-door against the plaintiff's hands. The truth is that the defendant, after being assaulted by the plaintiff, immediately attempted to secure the wicket-door, and regain the custody and control of the situation, by placing the opened palm of his left hand on the plaintiff's right hand and attempted to push his hands inside the wicket. This attempt failed as the plaintiff refused to comply with any of the direct orders given to him to remove his hand from the wicket-door and stop tempering with the locking device.

Complaint

In paragraph 6 of this section, the plaintiff alleges that the defendant begins to brutally strike the plaintiff with an expandable baton, and the baton strike lasted 50 seconds non-stop with approximately 40 strikes causing broken bones, requiring surgery, pain, suffering, physical injuries, and emotional distress.

Answer

The defendant admitted in part that an expandable baton was used to gain compliant and to restore order after the plaintiff's assault on the defendant by throwing unknown substances and liquid substances that smells like urine and feces, at the defendant and other staff. Expandable baton was used to gain compliant and to restore order after the plaintiff refused to comply with any of the direct orders given to him to remove his hand from the wicket-door and stop tempering with the locking device. Also, Expandable baton was used to gain compliant and to restore order after the plaintiff grabbed the defendant, officer Eoute's left hand, in wrist area, and was pulling it inside the wicket. The defendant, Odedere, immediately retrieved an expandable baton and gave the plaintiff several direct orders to release defendant Eoute's hand, but the plaintiff refused to comply with any of the orders. As a result, the defendant, Odedere, delivered several downward baton strikes to plaintiff's right hand, while at the same time, ordering the plaintiff to let go of defendant Eoute's hand. Defendant Eoute was later able to free his left hand, but the plaintiff continued holding on to the wicket door and continued tempering with the locking device as the baton strikes appeared to be ineffective.

The defendant denies the part of the complaint that states that defendant brutally strike the plaintiff with an expandable baton, and the baton strike lasted 50 seconds non-stop with approximately 40 strikes causing broken bones, requiring surgery, pain, suffering, physical injuries, and emotional distress. This statement is not true, and the plaintiff did not provide any evidence, witness statements, or a copy of the incident report relevant to the time of this complaint to support his claim. The plaintiff did not provide any medical record, or photograph relating to the noted injury. He did not provide any medical bill, correspondent relevant to this

complaint, or any medical note from a qualified medical provider that can support any of his allegations.

The truth is that the plaintiff's action was posing threat to the safety and security of the public, correctional staff, and the prison facility, and as a result, the defendant followed the North Carolina department of public safety Use of Force policy and procedure to gain complaint, custody, and control of an offender, who is already assigned to an Intensive Control housing unit, due to his numerous records of violent behavior and infractions. The defendants action here, including the use of the expandable baton, was justified and necessary to maintain safety and security on the housing unit, to protect correctional staff and other offenders, to maintain the custody and control of a classified violent offender, and ultimately, to protect the public.

### C. Legal Claims

Claim

In paragraph 7 of this section, the plaintiff claimed that the defendant's pepper spray was an excessive use of force, and the force was unnecessary and malicious. The plaintiff claimed that the defendant intention was to harm, and this violated the plaintiff's Eight Amendment right.

Answer

The defendant administered a 2.5 second of k9 OC pepper spray towards the plaintiff's facial area, only and for the sole purpose of gaining compliant and to restore order after the plaintiff refused to comply with several lawful direct orders given to him to remove his hand from the wicket-door, to stop tempering with the locking device, and after the plaintiff's assault on the defendant.

Also, according to the Chapter F, Section .1500 of the North Carolina Department of Public Safety (NCPDS), Division of Prison's policy and procedure, (2020), "An officer is authorized to use whatever degree of force that reasonably appears to be necessary to defend the officer or a third party from imminent assault. Reasonable force is authorized to prevent an escape or to ensure compliance with a lawful order or to protect property or to return an escapee to custody." The defendant's use of OC pepper, here, was an authorized use-of-force according to the policy and procedure mentioned above. The defendant's action was justified, reasonable, and necessary to maintain safety and security on the housing unit, to protect correctional staff and other offenders, to maintain the custody and control of a classified violent offender, and ultimately, to protect the public.

Claim

In paragraph 8 of this section, the plaintiff claimed that the defendant's baton strikes were excessive and was applied sadistically and maliciously to inflict as much pain and damage possible. The plaintiff claimed that the defendant's action violated the plaintiff's Eight Amendment right.

Answer

The defendant's baton strikes were administered solely to gaining compliant and to restore order after the plaintiff refused to comply with several lawful direct orders given to him to remove his hand from the wicket-door, to stop tempering with the locking device, and after the plaintiff's assault on the defendant.

Also, according to the Chapter F, Section .1500 of the North Carolina Department of Public Safety (NCPDS), Division of Prison's policy and procedure, (2020), "An officer is authorized

to use whatever degree of force that reasonably appears to be necessary to defend the officer or a third party from imminent assault. Reasonable force is authorized to prevent an escape or to ensure compliance with a lawful order or to protect property or to return an escapee to custody." The defendant's use of expandable baton, here, was an authorized use-of-force according to the policy and procedure mentioned above. The defendant's action was justified, reasonable, and necessary to maintain safety and security of the housing unit, to protect correctional staff and other offenders, to maintain the custody and control of a classified violent offender, and ultimately, to protect the public.

Claim

In paragraph 8 of this section, the plaintiff claimed that he was posing no threat, neither was he attempting an escape or actively resisting an arrest.

Answer

At the time of the incident relevant to this complaint, the plaintiff, willfully, was tempering with the locking device of his cell-door, preventing correctional staff from securing it. This was a Class B disciplinary offense under the prison policy and procedure in the state of North Carolina. The plaintiff's action was posing serious threat to the safety and security of the prison facility, correctional staff, and ultimately the public. In addition, the plaintiff was given several direct orders, by the defendant, including other defendants mentioned in this complaint, to remove his hand from the wicket-door and to stop tempering with the locking device, which the plaintiff refused to comply with.

**D. Injuries and Relief**

Claims

In these sections of the complaint, Plaintiff claimed that he suffered injuries that include, but not limited to the injuries listed below, and the plaintiff seeks compensation damages in amount of $25,000.00 and punitive damages in the amount of $1,550,000.00.

- Broken right index finger, required surgery-metal plate, 6 screws inserted
- Loss of right index finger's range of motion and flexibility- physical therapist required
- Extensive swelling and bruising of hands
- Respiratory problem
- Eye irritation – blindness for a time
- Hand pain – medical staff stated might be lifelong issue
- Loss of ability to play sport or use instrument
- Anxiety and depression issue and sleep trouble
- Loss of ability to fully close right hand – permanent disability

Answer

The plaintiff did not provide any evidence, witness statements, or a copy of the incident report relevant to the time of this complaint to support his claim. The plaintiff did not provide any medical record, or photograph relating to the noted injury. The plaintiff did not provide any medical bill, correspondent relevant to this complaint, or any medical note from a qualified medical provider that can support any of these claims. Therefore, there is no way to determine if all the injuries noted above were caused by the defendant's use-of-force.

Also, the plaintiff was given several direct orders, by the defendant, including other defendants mentioned in this complaint, to remove his hand from the wicket-door and to stop tempering with the locking device, which the plaintiff refused to comply with. Therefore, it is safe to argue that the plaintiff was well aware of the risk of injuries that could occur if the plaintiff refused to comply with the defendant's lawful direct orders given to him, and continued to pose serious threat to the safety and security of the prison facility, by refusing to remove his hand from the wicket-door, while continued tempering with the locking device.

In addition, the defendant's action was necessary to maintain safety and security of the housing unit, to protect correctional staff and other offenders, to maintain the custody and control of a classified violent offender, and ultimately, to protect the public. Wherefore, defendant seeks dismissal of Plaintiff's claim of injury and relief, and that Plaintiff recovers nothing.

## IV. Asserting Claims Against the Plaintiff (Counterclaim)

Around 16:35, on April 12, 2021, at Southern Correctional Institution, the plaintiff, offender Martin Russell Diamond OPUS # 1324877, who has refused to comply to multiple direct lawful orders given to him by the defendant and other correctional officers, and was posing serious threat to the safety and security of the prison facility, by refusing to remove his hand from the wicket-door, while continued tempering with the locking device, began throwing unknown substances and liquid substances that smells like urine and feces, respectively, at the defendant and other staff.

Claims

Plaintiff's action on April 12, 2021, at Southern Correctional Institution, by throwing unknown substances and liquid substances that smells like urine and feces, respectively, at the defendant

and other staff, was an Assault with bodily fluids or wastes, on a law enforcement official or on a person employed at a State or local detention facility, while the officer is discharging or attempting to discharge his or her official duties. The plaintiff's action violates Article 8 of Chapter 14 of the North Carolina General Statutes (Status 14-34.7).

Plaintiff's action on April 12, 2021, at Southern Correctional Institution, by throwing unknown substances and liquid substances that smells like urine and feces, respectively, at the defendant and other staff, while they were discharging or attempting to discharge their official duties, was an act of Malicious conduct by prisoner. The plaintiff's action violates NC Gen Stat § 14-258.4.

Relief

The defendant respectively prays that this court finds the plaintiff guilty of a Class I felony for his action that violates Article 8 of Chapter 14 of the North Carolina General Statutes (Status 14-34.7).

The defendant respectively prays that this court finds the plaintiff guilty of a Class F felony for his action that violates NC Gen Stat § 14-258.4.

## V. Affirmative Defenses and Motion for Summary Judgement

The defendant asserts that the plaintiff did not provide any evidence, witness statements, or a copy of the incident report relevant to the time of this complaint to support his claim. The plaintiff did not provide any medical record, or photograph relating to the noted injury. The plaintiff did not provide any medical bill, correspondent relevant to this complaint, or any medical note from a qualified medical provider that can support any of these claims. Therefore, there is no way to determine if all the injuries noted above were caused by the defendant's use-of-force.

Also, the defendant assert that the plaintiff was given several direct orders, by the defendant, including other defendants mentioned in this complaint, to remove his hand from the wicket-door and to stop tempering with the locking device, which the plaintiff refused to comply with. Therefore, it is safe to argue that the plaintiff was well aware of the risk of injuries that could occur if the plaintiff refused to comply with the defendant's lawful direct orders and continued to pose serious threat to the safety and security of the prison facility, by refusing to remove his hand from the wicket-door, while continued tempering with the locking device.

Finally, the defendant argues that his actions were necessary to maintain safety and security of the correctional housing unit, to protect correctional staff and other offenders, to maintain the custody and control of a classified violent offender, and ultimately, to protect the public.

Wherefore, defendant seeks summary judgement for dismissal of Plaintiff's complaints, claim of injury and relief, and that Plaintiff recovers nothing.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Date of signing:** November 30th, 2022

**Signature of Defendant** Odedere Ata Odetayo

**Printed Name of Defendant** Odetayo A. Odedere

CERTIFICATE OF SERVICE
The Undersigned Hereby Certifies That He Has Served A Copy Of The Foregoing Document Upon All Parties Or Their Attorneys Of Record By Placing Same In The U. S. Mails, Postage Prepaid and Properly Addressed,
This the 30TH Day of November, 20 22.
Odedere Ata Odetayo
Attorney at Law