IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARTIN RUSSELL DIAMOND, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:22CV287 |
| ODETAYO ODEDERE, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Martin Russell Diamond ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 against Odetayo Odedere ("Defendant"). (ECF No. 1 at 3.) Plaintiff alleges three causes of action against Defendant stemming from an alleged deprivation of his constitutional rights during an incident that occurred during his incarceration. (*Id.* at 4.) Before the Court is Defendant's Motion to Bifurcate Trial and Use Special Interrogatories, (ECF No. 96), along with several matters brought to the Court's attention during the pre-trial conference including a purported motion to dismiss by Plaintiff and Defendant's purported motion for summary judgment. For the reasons stated herein, Plaintiff's purported Motion to Dismiss and Defendant's purported Motion for Summary Judgment are denied. Further, Defendant has not sufficiently asserted a defense of qualified immunity. Consequently, Defendant's Motion to Bifurcate and Use Special Interrogatories is denied. Finally, Defendant will be allowed to assert a counterclaim of assault.

## I. BACKGROUND

Plaintiff, a state prisoner, filed his form "Complaint for Violation of Civil Rights" after an incident that occurred on April 12, 2021, at Southern Correctional Institution. (ECF No. 1 at 1, 4.) Plaintiff was *pro se* when he filed his Complaint, but has retained counsel. (ECF Nos. 47, 48.) His Complaint named four Defendants—Defendants Parker, Euote, Crisco, and Odedere—and asserted claims regarding excessive force and failure to intervene in violation of the Eighth Amendment. (ECF No. 1 at 21–26.) Defendant Odedere, proceeding *pro se* at the time, filed his answer, (ECF No. 19 at 1), after an Entry of Default against him was set aside. (Text Order dated November 14, 2022.) Defendant Odedere since retained counsel. (ECF Nos. 43, 44.)

Following discovery, Defendants Parker, Euote, and Crisco filed a Motion for Summary Judgment as to all claims against them. (ECF No. 29.) Upon Recommendation by Magistrate Judge, and adoption by the undersigned, summary judgment was granted in part and denied in part. (ECF No. 49 at 1–2.) It was granted for the excessive force claim against Defendant Parker, and the failure to intervene claim against Defendant Euote and denied for all remaining claims. (*Id.*) The case was then set for trial. (ECF No. 52 at 1.)

The instant Motion to Bifurcate and Use Special Interrogatories was filed jointly by Defendants Odedere, Crisco, and Euote. (ECF No. 96 at 1.) However, on November 14, 2024, Defendants Euote and Crisco reached a settlement agreement with Plaintiff. (Minute Entry dated November 14, 2024.) Leaving Defendant Odedere as the only remaining Defendant. (*Id.*) The trial in this case is scheduled to begin on December 16, 2024. (Text Order dated October 28, 2024.) Three of Plaintiff's claims against Defendant remain for trial,

two claims under 42 U.S.C. § 1983 for excessive force and one state law claim for battery.[1] (ECF No. 99 at 9–14, 14–15.)  On November 19, 2024, both parties appeared before this Court for a pretrial conference.  (Minute Entry dated November 19, 2024.)  The parties were given the opportunity to bring to the Court's attention any issues to be addressed before trial.

Based on the parties' statements during the conference, this Court will address Plaintiff and Defendant's purported dispositive motions, Defendant's qualified immunity defense, Defendant's Motion to Bifurcate and Use Special Interrogatories, (ECF No. 96), and Plaintiff's opposition to Defendant's counterclaims.  Each issue will be addressed in turn.

## II. THE PARTIES' PURPORTED DISPOSITIVE MOTIONS

Rule 83 of the Federal Rules of Civil Procedure provides that "a district court . . . may adopt and amend rules governing its practice."  Fed. R. Civ. P. 83(a)(1).  Such rules "have the force and effect of law and are binding upon the parties and the court which promulgated them."  *Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987) (internal quotation marks omitted) (citation omitted).  This Court, the United States District Court for the Middle District of North Carolina, has promulgated such rules which are featured prominently on its website. RULES OF PRACTICE AND PROCEDURE OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA (2024), https://www.ncmd.uscourts.gov/local-rules-and-orders.  Local Rule 7.3 provides that "[e]ach motion shall be set out in a separate document" and "[a]ll motions . . . shall be accompanied by a brief."  L.R. 7.3(a).  This rule also provides that "[a]ll motions shall state with particularity the grounds therefor." L.R. 7.3(b).

---

[1] While Plaintiff's Complaint pleads state law "claims of assault and battery," (ECF No. 1 at 3), the Court acknowledges that Plaintiff, in his Trial Brief, concedes that the facts only support a claim for battery.  (ECF No. 99 at 14 n.5.)

The parties have represented that while proceeding *pro se* they each filed dispositive motions for this Court's consideration. Pre-Trial Conference Transcript 6:6-9, 11:21-23. Defendant argues that his Answer to Plaintiff's complaint, (ECF No. 19 at 12–13), contains a Motion for Summary Judgment. Pre-Trial Conference Transcript 11:11-14; 11:20-23. Plaintiff argues that part of his Answer to Defendant's counterclaim, (ECF No. 24 at 3–5), should be construed as a 12(b)(6) Motion to Dismiss. Pre-Trial Conference Transcript 6:4-9. While a motion or pleading filed by parties appearing *pro se* "is to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted) (citation omitted); parties are not free to violate the Federal Rules of Civil Procedure or this Court's Local Rules.

These filings suffer from the following Local Rules violations and defects. Both Plaintiff and Defendant's purported motions were included in the same document as their respective Answers. (*See* ECF Nos. 19 at 12–13, 24 at 3–5); *see also* L.R. 7.3(a). Defendant's purported motion for summary judgment was submitted without any explanation or accompanying brief as required by the Local Rules. (*See* ECF No. 19 at 12–13); *see also* L.R. 7.3(a)-(b). Plaintiff's motion to dismiss also did not include an accompanying brief. (*See* ECF No. 24); *see also* L.R. 7.3(a). Further, neither party, even after obtaining counsel, asked this Court for leave to amend these filings.

For these reasons, both motions will be denied. L.R. 7.3(k). Given that the Court was made aware of the nature of these motions on the eve of trial, the parties will not be permitted to resubmit their motions. The bases of the parties' denied motions will certainly be soon adjudicated by the jury.

4

## III. DEFENDANT'S QUALIFIED IMMUNITY DEFENSE

In his Motion to Bifurcate and Use Special Interrogatories, Defendant asserts a defense of qualified immunity. (ECF No. 96 at 1.) He states that bifurcation is necessary to resolve factual issues bearing on qualified immunity. (*Id.*) In his Response to Defendant's motion, Plaintiff states that bifurcation is not proper because qualified immunity was "not pled and [was] never raised prior to the filing of [Defendant's] motion." (ECF No. 103 at 2.)

Qualified immunity "shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983." *Ridpath v. Bd. Of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006). Qualified immunity is an affirmative defense and "the burden of pleading it rests with the defendant." *Crawford-El v. Britton*, 523 U.S. 574, 587 (1998) (internal quotation marks omitted) (citation omitted). Further qualified immunity must be raised in an answer or a dismissal motion. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."). Since "qualified immunity is designed to shield officers not only from liability but from the burdens of litigation, its establishment at the pleading or summary judgment stage has been specifically encouraged." *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992) (citation omitted).

At the pre-trial conference on November 19, 2024, this Court gave Defendants an opportunity to argue how and why they believe the defense of qualified immunity was sufficiently raised. Pre-Trial Conference Transcript at 8:6-8, 10:15. Defendant's counsel stated that Defendant pled his defense to qualified immunity in his answer. *Id.* at 10:17-24. He argued that it was pled in a section labeled "affirmative defenses to summary judgment." *Id.* at 10:19-24, 10:20. Defendant contends that a liberal construction of his Answer would show

5

that Defendant was "trying to assert all of the immunities that are available to him as a corrections officer." *Id.* at 10:23-24.

In his Answer, Defendant states that "his actions were necessary to maintain safety and security of the correctional housing unit, to protect correctional staff and other offenders, to maintain the custody and control of a classified violent offender, and ultimately, to protect the public." (ECF No 19 at 13.) Defendant's counsel argued that this language satisfied qualified immunity because Defendant is attempting to assert that his "actions were reasonable under the circumstances . . . one of the prongs of qualified immunity." Pre-Trial Conference Transcript at 13:2-5. This Court does not find that argument persuasive.

Federal courts are charged with liberally construing pleadings filed by *pro se* litigants. However, "the liberal construction . . . does not require the court to ignore clear defects in pleading . . . or to become an advocate for the *pro se* party." *Chrisp v. Univ of N.C. Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. July 10, 2020) (internal citations omitted).

While Defendant was *pro se* when he filed his Answer, it would take more than a liberal reading to find that he sufficiently plead a defense of qualified immunity. *See id.* Nowhere in his Answer does Defendant explicitly state the phrase 'qualified immunity' let alone the words immunity. *See Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000) ("[A] claim of qualified immunity can be waived if not squarely presented to the district court . . . .") (internal citation omitted). Additionally, a section titled affirmative defenses with general statements about safety and security is not enough to plead qualified immunity. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("District judges are not mind readers. Even in the care of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments . . . .").

6

Beyond the alleged assertion in his Answer, Defendant did not attempt to pursue a defense of qualified immunity in a motion for summary judgment, unlike the former Defendants in this case. (*See* ECF No. 29 at 1.) The first time Defendant explicitly mentions or seeks any ruling pertaining to a defense of qualified immunity was on November 8, 2024, in the Joint Motion to Bifurcate the Trial and Use Special Interrogatories. (ECF No. 96 at 1.) Defendant has therefore waived qualified immunity. *See Am. Humanist Ass'n v. Perry*, 303 F. Supp. 3d 421, 427 n.7 (E.D.N.C. Mar. 29, 2018) ("Because defendants failed to raise the affirmative defense beyond a conclusory statement in their answer, the court finds that defendants have waived qualified immunity.").

Further, allowing Defendant to assert a defense of qualified immunity at this stage in litigation would be unduly prejudicial to Plaintiff. The Motion to Bifurcate was filed about a month before trial, which is not sufficient time for Plaintiff to prepare for a defense. *See Jones v. Wells*, No. 92-1765, 1993 WL 61892, at *1 (4th Cir. 1993) (finding that the district court acted within its discretion in refusing to rule on summary judgment motion raising qualified immunity for the first time since "such an allowance would have prejudiced the plaintiff in his preparation for the approaching trial.").

The Court finds that Defendant did not sufficiently plead an affirmative defense of qualified immunity in his Answer. Therefore, Defendant has waived his right to assert this defense at trial.

IV. **MOTION TO BIFURCATE AND USE SPECIAL INTERROGATORIES**

Defendant filed a Motion to Bifurcate Trial and Use Special Interrogatories to "resolve the immunity issues prior to reaching the liability and damages phases at trial." (ECF No. 97 at 1.) Defendant also requests special interrogatories to be submitted to the jury to resolve

7

the factual issues that bear on his entitlement to qualified immunity. (*Id.* at 4.) Plaintiff in his Response argues that Defendant is not entitled to bifurcation because he has not sufficiently asserted a defense of qualified immunity. (ECF No. 103 at 4.)

A court may order separate trials of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The burden is on the party requesting separate trials to convince a court to allow it. *F & G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. Oct. 26, 1999) (internal citations omitted). Whether to allow for separate trials on different issues is within the discretion of the trial judge. *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953) (citations omitted). The Court has "wide latitude" to determine whether bifurcation is appropriate. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993).

Defendant's motion is solely based on resolving factual issues relating to his defense of qualified immunity. As the Court previously held that Defendant did not sufficiently plead a defense of qualified immunity, there is no reason left for this Court to find a reason for separate trials.

This Court finds that Defendant's Motion to Bifurcate Trial and Use Special Interrogatories is denied as Defendant has waived qualified immunity.

## V. DEFENDANT'S COUNTERCLAIM

Because a document filed *pro se* is "to be liberally construed," *Gamble,* 429 U.S. at 106; a Court may, if necessary, "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis" to prevent unnecessary dismissal. *United States v. Brown*, 797 F. App'x 85, 89–90 (4th Cir. 2019) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)). However, the "[p]rinciples requiring generous construction of *pro se*

8

complaints are not . . . without limits." *Beaudett*, 775 F.2d at 1278 (4th Cir. 1985). The mandated liberal construction means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so," but it "may not rewrite a petition to include claims that were never presented." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (internal quotation marks omitted) (internal citations omitted); *cf. Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978).

Defendant made allegations against the Plaintiff in his Answer, which he filed *pro se*, and characterizes them as a "Counterclaim." (ECF No. 19 at 11–12.) In his answer, Defendant states that Plaintiff "began throwing unknown substances and liquid substances" at the Defendant and others. (*Id.* at 11.) Defendant argued that "by throwing unknown substances and liquid substances" Plaintiff committed an "Assault with bodily fluids or wastes . . . . on a person employed at a State or local detention facility, while the officer is discharging or attempting to discharge his or her official duties." (*Id.* at 11–12.) Defendant's allegations about Plaintiff were argued to support violations of *criminal* statutes. (*See id.* at 12;) *see also* N.C. Gen. Stat. §§ 14-34.7, 14-258.4. These claims arise out of the same incident that underlies Plaintiff's Complaint, though the facts are contested. *See* Fed. R. Civ. P. 13(a)(1); compare (ECF No. 1 at 18–19) *with* (ECF No. 19 at 11–12.) Further, Defendant included some facts to support his claim of assault and asked for relief on that basis. (ECF No. 19 at 11.)

At the pre-trial conference, Defendant, now represented by counsel, argued that his claims should be construed as ones for civil damages. Pre-Trial Conference Transcript 6:20-25–7:1-8. However, the civil statute for assault has different elements than those Defendant initially asserted. *Compare* N.C. Gen. Stat. §14-34.7 *with Dickens v. Puryear*, 276 S.E.2d 325, 330 (1981) (listing elements of a civil claim for common law assault in North Carolina). Given

9

that Defendant filed his Answer and asserted his counterclaim *pro se*, this Court is inclined to construe this filing liberally to accommodate a civil assault claim. *See Brown*, 797 F. App'x at 89–90. Yet, prior to the conference date, even once represented by counsel, Defendant did not make any effort to ask for leave to amend his Answer or counterclaims. *See* Pre-Trial Conference Transcript 6:12-19. To that end, this Court must also determine whether it would be prejudicial to the Plaintiffs to allow Defendant to assert his counterclaim at such a late stage in this litigation. *Cf. Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990).

Firstly, Plaintiff responded to Defendant's Answer and counterclaim in a timely manner. (*See* ECF No. 24.) In his filing, Plaintiff also asserted several "defenses" in response to Defendant's claims. (*Id.* at 2–5.) Plaintiff's stated defenses contest Defendant's alleged facts and interpret Defendant's claims as civil rather than criminal accusations. (*See id.* at 2–5; *see e.g.*, *id.* at 2 "no acts or failures to act by answering Plaintiff were a proximate cause of the injuries or damages, if any complained of by Defendant."). Plaintiff has clearly been on notice of the civil nature of Defendant's counterclaim, however inartfully they were pleaded.

Therefore, while Defendant's counterclaims contained in his Answer are not well-denominated, the Court declines to strike each of these claims because of the severity of this remedy. Yet, this Court will only allow Defendant to pursue his civil claim of assault, which is named in his filing. Defendant's purported battery claim, which is only mentioned in the joint proposed jury instructions and was never pled in any form, will not be allowed. (*See* ECF No. 106 at 13–14;) *see Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (stating that liberal construction of a *pro se* litigant's pleadings "does not mean overlooking the pleading requirements").

Accordingly, the Court will exercise its supplemental jurisdiction to allow Defendant to bring his counterclaim of civil damages for an alleged assault along with Plaintiff's civil damages claim for battery. *See* 28 U.S.C. § 1367(a). This ruling should not be construed to as a judgment about the merits of Defendant's assault claim. This Court recognizes that Plaintiff has repeatedly represented that there are insufficient facts to successfully prove these claims. (*See e.g.*, ECF No. 99 at 16–17.) Should that remain true at the close of trial, Plaintiff should feel free to move for a directed verdict in the manner permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 50(a)-(b).

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's purported Motion for Summary Judgment and Plaintiff's purported Motion to Dismiss are **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's defense of qualified immunity is waived.

**IT IS FURTHER ORDERED** that Defendant's Motion to Bifurcate Trial and Use Special Interrogatories, (ECF No. 96), is **DENIED**

**IT IS FURTHER ORDERED** that Defendant may present evidence related to a counterclaim of civil assault at trial.

This, the 9th day of December 2024.

/s/ Loretta C. Biggs
United States District Judge