IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

1:22-CV-00287

MARTIN RUSSELL DIAMOND,
PLAINTIFF,
V.
ODEDERE, ET AL.,
DEFENDANTS.

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR NEW TRIAL AS TO DAMAGES ONLY

FILED IN THIS OFFICE
JAN 17 2025
Clerk U.S. District Court
Greensboro, NC
BY

NOW COMES MARTIN RUSSELL DIAMOND, PLAINTIFF PRO SE, AND SUBMITS THIS BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR NEW TRIAL AS TO DAMAGES ONLY.

## STATEMENT OF THE CASE

PLAINTIFF FILED HIS COMPLAINT PRO SE ON APRIL 12 2022. PLAINTIFF BROUGHT CLAIMS AGAINST FOUR CORRECTION OFFICERS IN THEIR INDIVIDUAL CAPACITIES UNDER 42 U.S.C. SECTION 1983 FOR EIGHTH AMENDMENT VIOLATIONS (CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE AND FAILURE TO INTERVENE) AND CLAIMS FOR ASSUALT AND BATTERY UNDER NORTH CAROLINA LAW. THE NORTH CAROLINA DEPARTMENT OF JUSTICE DECLINED TO DEFEND ODETAYO ODEDERE ("DEFENDANT ODEDERE"), BUT DEFENDED DEFENDANTS CRISCO, PARKER, AND EUOTE ("THE DOJ DEFENDANTS").

ON JUNE 16 2023 THE DOJ DEFENDANTS MOVED FOR SUMMARY JUDGMENT. ON JANUARY 22 2024 THE MAGISTRATE JUDGE RECOMMENDED DISMISSAL OF THE ONLY CLAIM AGAINST DEFENDANT PARKER BASED ON HIS USE OF PEPPER SPRAY AND THE RELATED FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT EUOTE, AND RECOMMENDED THAT ALL OTHER CLAIMS SHOULD PROCEED TO TRIAL. (D.E. 39). THE COURT ADOPTED THE MAGISTRATE'S RECOMMENDATION. (D.E. 42 AND 49).

ON NOVEMBER 14 2024 A SETTLEMENT CONFERENCE TOOK PLACE WHERE THE PLAINTIFF AND DEFENDANTS CRISCO AND EUOTE REACHED A SETTLEMENT AGREEMENT ON ALL CLAIMS RELATED TO THEM. TRIAL TOOK PLACE DECEMBER 16 2024 THROUGH DECEMBER 17 2024 FOR THE FOLLOWING CLAIMS: THE PLAINTIFF'S EIGHTH AMENDMENT CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE AGAINST DEFENDANT ODEDERE FOR HIS USE OF PEPPER SPRAY AND HIS BATON STRIKES USED AGAINST THE PLAINTIFF, THE BATTERY UNDER NORTH CAROLINA LAW CLAIM BY PLAINTIFF BROUGHT AGAINST DEFENDANT ODEDERE, ALSO DEFENDANT ODEDERE'S COUNTER-CLAIM FOR ASSUALT UNDER NORTH

CAROLINA LAW AGAINST THE PLAINTIFF.

ON DECEMBER 17 2024 THE JURY UNANIMOUSLY FOUND DEFENDANT ODEDERE LIABLE FOR THE TWO CLAIMS BROUGHT AGAINST HIM BY THE PLAINTIFF, WHILE UNANIMOUSLY FINDING IN THE PLAINTIFF'S FAVOR IN REGARDS TO THE ONE COUNTER-CLAIM BROUGHT AGAINST HIM BY DEFENDANT ODEDERE.

THE JURY AWARDED DAMAGES. THE JURY AWARDED ONE DOLLAR IN NOMINAL DAMAGES AND TEN THOUSAND DOLLARS IN PUNITIVE DAMAGES. ZERO DOLLARS IN COMPENSATORY DAMAGES WAS AWARDED TO THE PLAINTIFF.

## SUMMARY OF THE FACTS

PLAINTIFF IS A PRISONER WHO WAS HOUSED AT SOUTHERN CORRECTIONAL INSTITUTION IN TROY, NORTH CAROLINA. ON APRIL 12 2021, DURING THE EVENING MEAL SERVICE, PLAINTIFF REQUESTED FROM DEFENDANT JACOB PARKER SOAP AND TO SPEAK WITH THE HOUSING UNIT SERGEANT ABOUT GETTING HIS IDENTIFICATION CARD. PLAINTIFF HAD RECENTLY TRANSFERRED TO SOUTHERN CORRECTIONAL INSTITUTION AND HAD GONE MULTIPLE DAYS WITHOUT SOAP OR HIS IDENTIFICATION CARD. PLAINTIFF KNEW THIS WAS HIS LAST OPPORTUNITY TO ASK FOR SOAP OR HE WOULD HAVE TO GO ANOTHER DAY WITHOUT IT. WHEN DEFENDANT PARKER REFUSED, PLAINTIFF PUT HIS HAND THROUGH THE FOOD TRAP DOOR AND REFUSED TO MOVE IT UNTIL HE RECIEVED SOAP OR COULD SPEAK WITH THE SERGEANT ABOUT HIS IDENTIFICATION CARD. DEFENDANT PARKER PEPPER SPRAYED THE PLAINTIFF.

DEFENDANT ODETAYO ODEDERE ARRIVED AT PLAINTIFF'S CELL AND PEPPER SPRAYED HIM, ORDERING PLAINTIFF TO REMOVE HIS HANDS FROM THE TRAP DOOR. PLAINTIFF THREW HIS STYROFOAM FOOD TRAY OUT OF THE OPENING. AFTER THIS, DEFENDANT TYLER EUOTE PEPPER SPRAYED THE PLAINTIFF. DEFENDANT ODEDERE AND DEFENDANT EUOTE THEN PHYSICALLY TRIED TO REMOVE PLAINTIFF'S HANDS FROM THE TRAP. THEN DEFENDANT ODEDERE ASKED DEFENDANT CRISCO TO GIVE HIM HER BATON, WHICH SHE REFUSED. DEFENDANT ODEDERE ASKED DEFENDANT EUOTE TO GIVE HIM HIS BATON, WHICH HE DID. DEFENDANT ODEDERE THEN

STRUCK THE PLAINTIFF WITH THE BATON. VIDEO OF THE INCIDENT SHOWS THAT DEFENDANT ODEDERE BEAT PLAINTIFF 39 TIMES IN 33 SECONDS - 38 OF THOSE STRIKES WERE DELIVERED FROM A FULL OVERHEAD POSITION ONTO PLAINTIFF'S HAND. PLAINTIFF WAS TAKEN TO AN OUTSIDE EMERGENCY ROOM - HE HAD A BROKEN HAND WHICH REQUIRED SURGERY AND PHYSICAL THERAPY. THE OFFICER WHO INVESTIGATED THE INCIDENT DETERMINED THAT THE USE OF FORCE WAS EXCESSIVE.

## LEGAL STANDARD

RULE 59(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE PROVIDES THAT A NEW TRIAL MAY BE GRANTED "ON ALL OR PART OF THE ISSUES." A NEW TRIAL MAY BE LIMITED TO THE ISSUES OF DAMAGES, GASOLINE PRODUCTS CO. V. CHAMPLIN CO., 283 U.S. 494, 51 S.CT. 513, 75 L.ED. 1188 (1931), AND THIS POWER EXTENDS TO GRANTING A NEW TRIAL BECAUSE OF INADEQUATE DAMAGES. SPERO-NELSON V. BROWN, 175 F.2D 86 (6TH CIR. 1949).

"THE DECISION TO GRANT OR DENY A NEW TRIAL IS WITHIN THE SOUND DISCRETION OF THE DISTRICT COURT." CLINE V. WAL-MART STORES, INC., 144 F.3D 294, 301 (4TH CIR. 1998) WHEN CONSIDERING A MOTION FOR NEW TRIAL UNDER RULE 59(A), THE COURT IS "PERMITTED TO WEIGH THE EVIDENCE AND CONSIDER THE CREDIBILITY OF WITNESSES." ID. THE COURT WILL GRANT A NEW TRIAL IF "(1) THE VERDICT IS AGAINST CLEAR WEIGHT OF THE EVIDENCE, OR (2) IS BASED UPON EVIDENCE WHICH IS FALSE, OR (3) WILL RESULT IN A MISCARRIAGE OF JUSTICE." ID.

THE FIRST TWO PRONGS OF RULE 59(A) ANALYSIS "REQUIRE A DISTRICT COURT TO DETERMINE PURELY FACTUAL QUESTIONS: WHETHER THE JURY'S DAMAGE AWARD IS (1) 'AGAINST THE WEIGHT OF THE EVIDENCE' OR (2) BASED UPON EVIDENCE WHICH IS FALSE." ATLAS FOOD SYSTEMS AND SERVICES, INC. V. CRANE NAT. VENDORS, INC., 99 F.3D 587, 594 (4TH CIR. 1996). "THIS REVIEW ENCOMPASSES A COMPARSION OF THE FACTUAL RECORD AND THE VERDICT TO DETERMINE THEIR COMPATIBILITY." ID. "CONSEQUENTLY, JURY DETERMINATIONS OF FACTUAL MATTERS SUCH AS LIABILITY ON A CAUSE OF ACTION, LIABILITY FOR COMPENSATORY AND PUNITIVE DAMAGES, AND THE AMOUNT OF COMPENSATORY DAMAGES WILL BE REVIEWED BY DETERMINING WHETHER THE JURY'S VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE OR

BASED ON EVIDENCE WHICH IS FALSE." ID.

A SECTION 1983 PLAINTIFF IS ENTITLED TO NOMINAL DAMAGES ONLY IN THE ABSENCE OF PROOF OF ACTUAL INJURY. CAREY V. PIPHUS, 435 U.S. 247, 248, 98 S.CT. 1042, 1044, 55 L.ED.2D 252 (1978). WHERE THE PLAINTIFF HAS BEEN SUBJECTED TO EXCESSIVE FORCE, COMPENSATORY INJURY WOULD NORMALLY FOLLOW. SEE WHEATLEY V. BEETAR, 637 F.2D 863, 867 (2D CIR. 1980). A FINDING OF EXCESSIVE FORCE DOES NOT, HOWEVER, ENTITLE THE VICTIM TO COMPENSATORY DAMAGES AS A MATTER OF LAW. WESTCOTT V. CRINKLAW, 133 F.3D 658, 661 (8TH CIR. 1998). TO RECOVER COMPENSATORY DAMAGES PLAINTIFF MUST PROVE THAT HIS INJURIES WERE PROXIMATELY CAUSED BY THE CONSTITUTIONAL VIOLATION. GIBEAU V. NELLIS, 18 F.3D 107, 110 (2D CIR. 1994).

IF IT IS CLEAR FROM THE UNDISPUTED EVIDENCE THAT THE PLAINTIFF'S INJURIES WERE CAUSED BY THE USE OF EXCESSIVE FORCE, THEN THE JURY'S FAILURE TO AWARD SOME COMPENSATORY DAMAGES SHOULD BE SET ASIDE AND A NEW TRIAL ORDERED. HAYWOOD V. KOEHLER, 78 F.3D 101, 104 (2D CIR. 1996); SEE ALSO WESTCOTT, 133 F.3D AT 661. "COMPENSATORY DAMAGES... ARE MANDATORY; ONCE LIABILITY IS FOUND, THE JURY IS REQUIRED TO AWARD COMPENSATORY DAMAGES IN AN AMOUNT APPROPRIATE TO COMPENSATE THE PLAINTIFF FOR HIS LOSS." SMITH V. WADE, 461 U.S. 30, 52, 103 S.CT. 1625, 75 L.ED.2D 632 (1983). A BEATING SEVERE ENOUGH TO LEAVE MARKS IS SUFFICIENT PROOF OF A COMPENSABLE INJURY. WHEATLEY, 637 F.2D AT 866-67.

A NEW TRIAL ON ALL ISSUES IS REQUIRED WHEN A "TOTALLY INADEQUATE VERDICT WAS RENDERED WHICH COULD ONLY HAVE BEEN A SYMPATHY OR COMPROMISE VERDICT... BUT WHERE THERE IS NO SUBSTANTIAL INDICATION THAT THE LIABILITY AND DAMAGE ISSUES ARE INEXTRICABLY INTERWOVEN, A SECOND TRIAL LIMITED TO DAMAGES IS ENTIRELY PROPER." GREAT COASTAL EXPRESS, INC. V. INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ETC., 511 F.2D 839, 846 (4TH CIR. 1975).

## QUESTIONS PRESENTED

1. DID THE WEIGHT OF THE EVIDENCE FROM TRIAL PROVE THAT THE PLAINTIFF SUFFERED AN ACTUAL INJURY FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS

UNANIMOUSLY FOUND GUILTY OF COMMITTING?

2. IF THE WEIGHT OF THE EVIDENCE FROM TRIAL PROVED THAT THE PLAINTIFF SUFFERED AN ACTUAL INJURY FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING WAS THE JURY'S FINDING THAT ZERO DOLLARS IN COMPENSATORY DAMAGES WILL FAIRLY AND JUSTLY COMPENSATE PLAINTIFF FOR ANY DAMAGES HE SUSTAINED [AND IS REASONABLY CERTAIN TO SUSTAIN IN THE FUTURE] AS A DIRECT RESULT OF THAT CONDUCT (1) 'AGAINST THE WEIGHT OF EVIDENCE' OR (2) BASED UPON EVIDENCE WHICH IS FALSE, OR (3) RESULT IN A MISCARRIAGE OF JUSTICE?

3. WAS THE JURY'S DAMAGE AWARD OF ZERO DOLLARS IN COMPENSATORY DAMAGES THE RESULT OF A SYMPATHY OR COMPROMISE VERDICT?

4. DID THE ORIGINAL VERDICT DEFINITIVELY ESTABLISH LIABILITY?

## ARGUMENT

A) THE WEIGHT OF THE EVIDENCE FROM TRIAL PROVED THAT THE PLAINTIFF SUFFERED AN ACTUAL INJURY FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING.

EVIDENCE FROM VINCENT MOORE'S SWORN TRIAL TESTIMONY ESTABLISHED: (1) THAT THE PLAINTIFF SUFFERED EXTENSIVE SWELLING OF ARMS AND HANDS (SEVERE TO THE POINT THAT THE STANDARD FACILITY PRISONER TRANSPORT PROCEDURE WAS IN QUESTION FOR THE PLAINTIFF'S TRANSPORTATION TO HOSPITAL), NUMEROUS WOUNDS/CONTUSIONS/BRUISES ON HIS ARMS AND HANDS (2) THAT THE PLAINTIFF SUFFERED A BROKEN RIGHT HAND (INDEX FINGER) THAT REQUIRED SURGERY (3) THAT THE PLAINTIFF SUFFERED FROM INJURIES SEVERE ENOUGH TO WARRANT BEING TAKEN TO AN OUTSIDE EMERGENCY ROOM (4) THAT THE PLAINTIFF SUFFERED TEMPORARY LOSS OF VISION (5) THAT THE PLAINTIFF WAS IN OBSERVABLE PAIN. THIS EVIDENCE FROM VINCENT MOORE'S SWORN

TRIAL TESTIMONY OF THE PLAINTIFF'S INJURIES FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING WAS NOT REFUTED OR DISPUTED.

EVIDENCE FROM MELISSA MANNING'S SWORN TRIAL TESTIMONY ESTABLISHED: (1) THAT THE PLAINTIFF REQUIRED PHYSICAL THERAPY FOR AN INJURY RELATED TO DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY (2) THAT THE PLAINTIFF ATTENDED TWENTY-ONE PHYSICAL THERAPY SESSIONS FOR AN INJURY RELATED TO DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY (3) THAT A GOAL OF THE PHYSICAL THERAPY SESSIONS WAS TO INCREASE THE RANGE OF MOTION OF EACH JOINT OF THE PLAINTIFF'S RIGHT INDEX FINGER THAT NEEDED TO BE SURGICALLY REPAIRED WITH A METAL PLATE AND SIX SCREWS DUE TO DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY (4) THAT THE PHYSICAL THERAPY WAS REQUIRED THROUGH SEPTEMBER 22 2021 - FIVE MONTHS AFTER INJURY OCCURRED. THIS EVIDENCE FROM MELISSA MANNING'S SWORN TRIAL TESTIMONY RELATING TO THE PLAINTIFF'S INJURY FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING WAS NOT REFUTED OR DISPUTED.

EVIDENCE FROM PLAINTIFF'S SWORN TRIAL TESTIMONY ESTABLISHED: (1) THAT THE PLAINTIFF'S BROKEN RIGHT HAND FROM DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY REQUIRED A METAL PLATE AND SIX SCREWS INSERTED TO REPAIR IT (2) THAT THE METAL PLATE AND SIX SCREWS INSERTED TO REPAIR THE PLAINTIFF'S BROKEN RIGHT HAND FROM DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY IS STILL PRESENT IN THE PLAINTIFF'S RIGHT HAND (3) THAT THE PLAINTIFF CURRENTLY FORTY-FOUR MONTHS AFTER INJURY STILL HAD LOSS OF RANGE OF MOTION IN THE SURGICALLY REPAIRED RIGHT HAND - CAN NOT CLOSE HAND FULLY (4) THAT THE PLAINTIFF TAKES A PRESCRIPTION PAIN MEDICATION DAILY FOR HIS

INJURY FROM DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY. THIS EVIDENCE FROM PLAINTIFF'S SWORN TRIAL TESTIMONY RELATING TO HIS INJURY FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING WAS NOT REFUTED OR DISPUTED.

EVIDENCE FROM DEFENDANT ODEDERE'S SWORN TRIAL TESTIMONY ESTABLISHED: (1) THAT THE PLAINTIFF SUFFERED THIRTY-NINE AIMED METAL BATON STRIKES TO HIS ARMS AND HANDS FROM DEFENDANT ODEDERE (2) THAT THE EFFECT OF BEING PEPPER SPRAYED IS THE LOSS OF VISION AND A BURNING SKIN SENSATION (3) THAT THE PLAINTIFF WAS UNDER THE EFFECTS OF BEING PEPPER SPRAYED. THIS EVIDENCE FROM DEFENDANT ODEDERE'S SWORN TRIAL TESTIMONY RELATING TO THE PLAINTIFF'S INJURIES FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING WAS NOT REFUTED OR DISPUTED.

PHOTOGRAPHS FROM TRIAL EXHIBITS CONCLUSIVELY ESTABLISHED: (1) THAT THE PLAINTIFF SUFFERED INJURIES TO HIS HANDS AND ARMS FROM DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY (2) THAT THE PLAINTIFF HAD A METAL PLATE AND SIX SCREWS IN HIS HAND THAT WAS INJURED FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING.

THE PREPONDERANCE OF THE EVIDENCE ESTABLISHED THAT THE PLAINTIFF SUFFERED AN ACTUAL(REAL) INJURY AS OPPOSED TO ONLY A TECHNICAL INJURY FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING. THAT THE PLAINTIFF'S INJURIES CAME FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING WAS NOT REFUTED OR DISPUTED.

B) THE WEIGHT OF THE EVIDENCE FROM TRIAL PROVED THAT THE PLAINTIFF SUFFERED AN

ACTUAL INJURY FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING AND THE JURY'S FINDING THAT ZERO DOLLARS IN COMPENSATORY DAMAGES WILL FAIRLY AND JUSTLY COMPENSATE PLAINTIFF FOR ANY DAMAGES HE SUSTAINED [AND IS REASONABLY CERTAIN TO SUSTAIN IN THE FUTURE] AS A DIRECT RESULT OF THAT CONDUCT IS 'AGAINST THE WEIGHT OF EVIDENCE' AND WILL RESULT IN A MISCARRIAGE OF JUSTICE.

"THE BASIC PURPOSE OF A SECTION 1983 DAMAGES AWARD SHOULD BE TO COMPENSATE PERSONS FOR INJURIES CAUSED BY THE DEPRIVATION OF CONSTITUTIONAL RIGHTS." CAREY V. PIPHUS, 435 U.S. 247, 254, 98 S.CT. 1042, 1047, 55 L.ED.2D 252 (1978). FOR THIS REASON, NO COMPENSATORY DAMAGES MAY BE AWARDED IN A SECTION 1983 SUIT ABSENT PROOF OF ACTUAL INJURY. ID., AT 264, 98 S.CT. AT 1052. DAMAGES GENERALLY "MAY NOT BE PRESUMED FROM EVERY CONSTITUTIONAL VIOLATION, BUT MUST BE PROVED BY COMPETENT, SUFFICIENT EVIDENCE." PRICE V. CITY OF CHARLOTTE, 93 F.3D 1241, 1250 (4TH CIR. 1996). NOMINAL DAMAGES SHOULD BE AWARDED IF THE PLAINTIFF WAS DEPRIVED OF A CONSTITUTIONAL RIGHT, WITHOUT ANY RESULTING INJURY SUCH AS PHYSICAL, EMOTIONAL, OR FINANCIAL DAMAGE. ID., AT 1246. TO RECOVER COMPENSATORY DAMAGES, SECTION 1983 PLAINTIFFS MUST ESTABLISH THAT DEFENDANTS' CHALLENGED ACTIONS CAUSED THEIR ALLEGED INJURIES. PRICE, 93 F.3D AT 1245.

THE PLAINTIFF'S EIGHTH AMENDMENT CONSTITUTIONAL RIGHT WAS UNANIMOUSLY FOUND TO BE DEPRIVED BY DEFENDANT ODEDERE. THERE WAS COMPETENT, SUFFICIENT EVIDENCE IN THE FORM OF WITNESS TESTIMONY, PHOTOGRAPHS, MEDICAL RECORDS, AND X-RAYS THAT THE [redacted] DEPRIVATION OF THE PLAINTIFF'S [redacted] CONSTITUTIONAL RIGHT BY DEFENDANT ODEDERE RESULTED IN INJURY SUCH AS PHYSICAL, EMOTIONAL, OR FINANCIAL DAMAGE. THE DEFENDANT DID NOT CONTEST THAT THE PLAINTIFF'S INJURIES RESULTED FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT HE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING.

THE ELEMENTS OF DAMAGES THE JURY WERE INSTRUCTED BY THE COURT TO CONSIDER WERE THE PHYSICAL PAIN AND MENTAL OR EMOTIONAL SUFFERING PLAINTIFF HAS

EXPERIENCED AND IS REASONABLY CERTAIN TO EXPERIENCE IN THE FUTURE; THE NATURE AND EXTENT OF THE INJURY, WHETHER THE INJURY IS TEMPORARY OR PERMANENT.

MATHEMATICAL PRECISION IN ASCERTAINING DAMAGES IS NOT REQUIRED. BROOKS V. UNITED STATES, 273 F.SUPP. 619 (D.S.C. 1967). MENTAL ANGUISH AND PHYSICAL PAIN MAY BE PROVED DIRECTLY OR IT MAY BE INFERRED "FROM THE CIRCUMSTANCES OF THE INJURY, INCLUDING THE VIOLENCE WITH WHICH IT WAS INFLICTED." WALLEN V. ALLEN, 231 VA 289, 294, 343 S.E.2D 73, 76 (1986).

PLAINTIFF'S INJURIES FROM DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION AND BATTERY WERE INFLICTED WITH UNDENIABLE VIOLENCE (SEE VIDEO EVIDENCE). THIS VIOLENCE INFLICTED CAUSED THE PLAINTIFF'S BROKEN HAND, EXTENSIVE SWELLING OF ARMS AND HANDS, AND THE NUMEROUS WOUNDS/BRUISES/CONTUSIONS ON HIS ARMS AND HANDS. THE PLAINTIFF'S PAIN CAN BE INFERRED FROM THE CIRCUMSTANCES OF THE INJURY INCLUDING THE VIOLENCE WITH WHICH IT WAS INFLICTED AND PROVED DIRECTLY.

THE JURY'S FINDING THAT ZERO DOLLARS IN COMPENSATORY DAMAGES WILL FAIRLY AND JUSTLY COMPENSATE PLAINTIFF'S DAMAGES IS COMPLETELY UNSUPPORTED BY THE RECORD. THE EVIDENCE SHOWED THAT DEFENDANT ODEDERE BEAT THE PLAINTIFF THIRTY-NINE TIMES WITH A METAL BATON, SLAM THE FOOD TRAP ON PLAINTIFF AND PEPPER SPRAYED THE PLAINTIFF. THERE WAS SUBSTANTIAL PAIN ASSOCIATED WITH THE INITIAL INJURIES TO PLAINTIFF'S ARMS, HANDS, AND EYES FROM THOSE ACTIONS. THERE WAS THE INITIAL FIVE MONTHS AFTER THE INJURIES OCCURRED THAT THE PLAINTIFF NEEDED TO RECOVER FROM THE METAL PLATE AND SIX SCREWS BEING SURGICALLY PLACED INSIDE OF HIS DOMINANT RIGHT HAND WHERE THE PLAINTIFF UNDERWENT MORE THAN TWENTY PHYSICAL THERAPY SESSIONS TO ADDRESS HIS LOSS OF RANGE OF MOTION IN THAT HAND AND THERE IS THE SUBSEQUENT PERIOD CONTINUING TO TODAY OF LIMITATION OF RANGE OF MOTION IN THAT HAND AND PAIN.

IT CAN BE SAID WITH CERTAINTY THAT THE ZERO DOLLARS IN COMPENSATORY DAMAGES AWARDED TO THE PLAINTIFF ARE GROSSLY AND MANIFESTLY INADEQUATE OR SO SMALL AS TO INDICATE CLEARLY AND DEFINITELY THAT THE JURY NEGLECTED TO CONSIDER THE EVIDENCE OR

THE ELEMENTS TO CONSIDER FOR COMPENSATORY DAMAGES AWARD. THAT AWARD OF ZERO DOLLARS IN COMPENSATORY DAMAGES BEARS NO RELATION TO THE INJURIES SUFFERED BY THE PLAINTIFF AS A DIRECT RESULT OF DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION AND BATTERY.

COMPENSATORY DAMAGE AWARDS IN SIMILIAR EXCESSIVE FORCE ACTIONS ARE SUBSTANTIALLY HIGHER THAN THE ZERO DOLLARS IN COMPENSATORY DAMAGES AWARDED TO THE PLAINTIFF EVEN WHEN THAT ACTIONS' PLAINTIFF HAD LESS SEVERE INJURIES, RELATIVE TO THE NATURE EXTENT AND DURATION OF THE INJURY, THAN THE PLAINTIFF SUSTAINED IN THIS ACTION. SEE ZIEMBA V. ARMSTRONG, 433 F.SUPP.2D 248, 252-53 (D. CONN. 2006)($100,000 AWARD); BLISSETT V. COUGHLIN, 66 F.3D 531, 533-34 (2D CIR. 1995)($75,000 AWARD); HENDRICKSON V. COOPER, 589 F.3D 887, 889-94 (7TH CIR. 2009) ($75,000 AWARD); MONCLOVA-CHAVEZ V. MCEACHEM, NO. 1:08-CV-76 AWI BAM, 2015 WL 75084 ($7,000 AWARD); WILLIAMS V. SHULTIZ, NO. 5:14-CT-3091-BO, 2019 WL 6974337 ($10,000 AWARD); RICHARDSON V. BOSTICK, NO. 5:11-CT-3045-FL, 2014 WL 3508916 ($10,000 AWARD); WHISNANT V. HILL, NO. 5:17-CT-03047-BO, 2020 WL 1901085 ($15,250 AWARD); SORTO V. MACDONALD, NO. 5:15-CT-3131-D, 2018 WL 4404714 ($25,000 AWARD); JIMENEZ V. RENO, NO. CV 99-3455-PJW, 2007 WL 4862128 ($155,000 AWARD); CAPELLO V. MARESCA, NO. 3:91CV560 (RNC)($257,500 AWARD); WHEATLEY V. FORD, 679 F.2D 1037 (2D CIR. 1982)($25,000 AWARD). THERE ARE NO CASES IN THIS CIRCUIT OR ANY OTHER CIRCUIT WHERE A PLAINTIFF SUFFERED A BROKEN BONE THAT REQUIRED SURGERY AS THE RESULT OF AN EXCESSIVE USE OF FORCE WHERE THE PLAINTIFF RECIEVED ZERO DOLLARS IN COMPENSATORY DAMAGES WHEN THE DEFENDANT WAS FOUND GUILTY OF AN EXCESSIVE USE OF FORCE AND THAT EXCESSIVE USE OF FORCE CAUSED THE PLAINTIFF'S INJURY.

THE WEIGHT OF THE EVIDENCE FROM TRIAL PROVED THAT THE PLAINTIFF SUFFERED ACTUAL INJURY FROM THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION OR BATTERY THAT DEFENDANT ODEDERE WAS UNANIMOUSLY FOUND GUILTY OF COMMITTING AND THE JURY'S FINDING THAT ZERO DOLLARS WILL FAIRLY AND JUSTLY COMPENSATE PLAINTIFF FOR ANY DAMAGES HE SUSTAINED [AND IS REASONABLY CERTAIN TO SUSTAIN IN THE

FUTURE] AS A DIRECT RESULT OF THAT CONDUCT IS 'AGAINST THE WEIGHT OF EVIDENCE' AND WILL RESULT IN A MISCARRIAGE OF JUSTICE. THERE ARE NO CASES WHERE A PLAINTIFF SUFFERED A BROKEN BONE THAT REQUIRED SURGERY AS THE RESULT OF AN EXCESSIVE USE OF FORCE WHERE THE PLAINTIFF WAS AWARDED ZERO DOLLARS IN COMPENSATORY DAMAGES WHEN THE DEFENDANT WAS FOUND GUILTY OF AN EXCESSIVE USE OF FORCE AND THAT EXCESSIVE USE OF FORCE VIOLATION CAUSED THE PLAINTIFF'S BROKEN BONE. DOUBTLESSLY "THE BASIC PURPOSE OF A SECTION 1983 DAMAGES AWARD SHOULD BE TO COMPENSATE PERSONS FOR INJURIES CAUSED BY THE DEPRIVATION OF CONSTITUTIONAL RIGHTS" (CAREY, 435 U.S. AT 254), THAT BASIC PURPOSE WAS NOT MET. ZERO DOLLARS IN COMPENSATORY DAMAGES DOES NOT FAIRLY AND JUSTLY COMPENSATE THE PLAINTIFF FOR THE INJURIES UNDISPUTEDLY CAUSED BY DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION AND BATTERY. A LOW COMPENSATORY DAMAGES AWARD IN THIS ACTION IS QUESTIONABLE BUT NONE IS A MISCARRIAGE OF JUSTICE AND IT'S AGAINST THE WEIGHT OF EVIDENCE.

C) THE JURY'S DAMAGE AWARD OF ZERO DOLLARS IN COMPENSATORY DAMAGES WAS NOT THE RESULT OF A SYMPATHY OR COMPROMISE VERDICT.

IN ORDER TO DETERMINE WHETHER OR NOT A COMPROMISE VERDICT WAS REACHED BY THE JURY, IN CASES WHERE AN INADEQUATE AWARD OF DAMAGES RESULTED, COURTS HAVE CONSIDERED A NUMBER OF FACTORS. THESE FACTORS INCLUDE: (1) CLARITY OF THE JURY INSTRUCTIONS AND VERDICT FORM, (2) LENGTH OF THE JURY DELIBERATIONS, (3) STRENGTH OF THE EVIDENCE OF LIABILITY, (4) QUESTIONS AND NOTES FROM THE JURY DURING DELIBERATIONS, AND (5) WHETHER THE CASE INVOLVED A SYMPATHETIC PLAINTIFF AND UNSYMPATHETIC DEFENDANT. SEE MEKDECI V. MERRELL NATIONAL LABORATORIES, 711 F.2D 1510 (11TH CIR. 1983). STARTING FROM THE PROPOSITION THAT A JURY'S VERDICT IS TO BE AFFORDED EVERY INFERENCE THAT IT IS PROPER AND HONEST, THE PLAINTIFF REQUESTS THE COURT APPLY THE ABOVE FACTORS SERIATIM.

FIRST, THE COURT'S INSTRUCTIONS TO THE JURY CLEARLY MANDATED THAT THEY DECIDE THE ISSUES OF LIABILITY PRIOR TO ANY CONSIDERATION OF DAMAGES. ABSENT COMPELLING REASONS TO BELIEVE THESE INSTRUCTIONS WERE NOT FOLLOWED IN THIS RESPECT, THE COURT SHOULD BE EXTREMELY RELUCTANT TO ENTER A FINDING THAT THE JURY VIOLATED ITS OATH AND DEPARTED FROM THE ORDER OF ISSUES OUTLINED BY THE COURT. SIMILIARLY, THE VERDICT FORM USED BY THE JURY IN THIS MATTER CLEARLY SET FORTH THE ORDER OF THE ISSUES FOR DETERMINATION. AS COMPLETED BY THE JURY, THE FORM REFLECTS A RATIONAL AND ORDERLY DETERMINATION OF THE ISSUES AS EVIDENCED BY THE DETERMINATION OF THE PLAINTIFF TO BE NOT GUILTY IN DEFENDANT ODEDERE'S COUNTERCLAIM AND DEFENDANT ODEDERE BEING FOUND GUILTY OF THE PLAINTIFF'S TWO CLAIMS AGAINST HIM.

SECOND, WITH REGARD TO LENGTH OF JURY DELIBERATIONS, CONSIDERING THIS WAS A TWO DAY TRIAL IN WHICH FOUR WITNESSES APPEARED, MULTIPLE DOCUMENTS WERE INTRODUCED, AND THE JURY HAD TO DETERMINE THREE INDEPENDENT ISSUES, THE COURT CAN CONCLUDE THAT LESS THAN THREE HOURS OF JURY DELIBERATION WAS QUITE REASONABLE AND NOT EXTRAORDINARILY LONG. THIS WAS NOT A CASE WHERE THE JURY WAS DEADLOCKED AFTER DAYS OF DELIBERATION

THE THIRD ELEMENT TO BE CONSIDERED AND PERHAPS THE ONE GIVEN THE GREATEST WEIGHT, IS THE STRENGTH OF EVIDENCE OF LIABILITY. THE EVIDENCE SUPPORTING THE JURY'S VERDICT ON THE PLAINTIFF'S BATTERY CLAIM AND EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT ODEDERE WAS SUBSTANTIAL AND OVERWHELMING. THE JURY WAS ABLE TO VIEW VIDEO. THE EVIDENCE OF LIABILITY WAS CLEARLY ESTABLISHED. DEFENDANT ODEDERE HAS HAD A FAIR TRIAL ON THE ISSUES OF LIABILITY AND THE VERDICTS AGAINST HIM ARE REASONABLE IN LIGHT OF THE EVIDENCE.

AS THE FIFTH CIRCUIT HAS STATED IN EDWARDS V. SEARS, ROEBUCK & CO., 512 F.2D 276, 282 (1975) "...EVEN IF THE JURY'S VERDICT IN ITS ENTIRETY WAS AFFECTED BY UNDESIRABLE FACTORS, IF THE FACT OF LIABILITY IS NONETHELESS FAIRLY DEMONSTRABLE... IT WILL NOT BE BLINDLY ASSUMED THAT THE LIABILITY ISSUE WAS WRONGLY DECIDED." A JURY'S FINDING AS TO LIABILITY CAN BE BINDING EVEN THOUGH ITS MONETARY AWARD IS FOUND TO BE INADEQUATE OR EVEN IMPROPERLY INFLUENCED- OUR DEFERENCE TO AND FAITH IN THE JURY SYSTEM DEMANDS AT LEAST THIS MUCH

CF. PINGATORE V. MONTGOMERY WARD & CO., 6TH CIR. 1969, 419 F.2D 1138, 1142-1143, CERT. DENIED, 398 U.S. 928, 90 S.CT. 1818, 26 L.ED. 90 (1970) (REQUIRED NEW TRIAL AS TO DAMAGES ONLY; SUBSTANTIAL EVIDENCE SUPPORTED JURY VERDICT ON LIABILITY) IF PASSION, PREJUDICE, CAPRICE, UNDUE SYMPATHY, ARBITRARINESS OR MORE TAINTS ONLY THE DAMAGE AWARD AND NOT THE LIABILITY ASSESSMENT, THE PROPER RESPONSE IS... A NEW TRIAL ADDRESSED TO DAMAGES ALONE.

WITH REGARD TO THE FOURTH ELEMENT, QUESTIONS FROM THE JURY, APPLICATION OF THIS FACTOR TO THE CASE AT BAR LIKEWISE FAILS TO LEAD TO THE CONCLUSION THAT THE VERDICT WAS A COMPROMISE. NO QUESTIONS WERE RECIEVED FROM THE JURY DURING DELIBERATION AND THAT INDICATES AN UNDERSTANDING OF THE LIABILITY ISSUES WITHOUT THERE BEING CONFUSION, ALSO THAT A PROPER CONSIDERATION FOR THE DISTINCTION BETWEEN LIABILITY ISSUES OCCURRED.

FINALLY, THE COURT MUST CONSIDER THE FACT THAT THIS CASE IS NOT TYPICAL CASE FOR THE FINDING OF A COMPROMISE VERDICT. IN THIS ACTION, PLAINTIFF IS AN INCARCERATED FELON WHILE DEFENDANT ODEDERE IS A WAR VETERAN WITH A LIFETIME OF PUBLIC SERVICE WHO CURRENTLY WORKS WITH KIDS WHO HAVE DISABILITIES WHILE MANAGING GROUP HOMES. THE VERDICT WAS NOT AGAINST AN 'UNSYMPATHETIC' DEFENDANT AND IN FAVOR OF A 'SYMPATHETIC' PLAINTIFF.

IN SUMMARY, THIS [redacted] CASE IS NOT ONE WHERE THE JURY, MANIFESTLY, AWARDED PLAINTIFF A SMALL VERDICT OUT OF SYMPATHY FOR HIS SUFFERING AND WITHOUT REGARD TO THE QUESTION OF REAL LIABILITY. YOUNG V. INTERNATIONAL PAPER CO., 322 F.2D 820, 823 (4TH CIR. 1963). A REVIEW OF THE ABOVE FACTORS WILL FIND NONE OF THEM INDICATE A VERDICT "WHICH COULD ONLY HAVE BEEN A SYMPATHY OR COMPROMISE VERDICT".

THE AWARD OF MINIMAL DAMAGES IS BY ITS SELF INSUFFICIENT TO PROVE COMPROMISE. A NOMINAL OR INADEQUATE FINDING OF DAMAGES BY ITSELF DOES NOT AUTOMATICALLY MANDATE THE CONCLUSION THAT THE AWARD WAS THE PRODUCT OF A COMPROMISE VERDICT. HYDRA V. HERMAN BLUM CONSULTING ENGINEERS, 632 F.2D 1242, 1246 (5TH CIR. 1980). INDEED, IF INADEQUATE DAMAGES WERE THE SOLE TEST FOR COMPROMISE, RULE 59(A) WOULD SERVE NO PURPOSE. THE INQUIRY MUST FOCUS ON INDICIA OF COMPROMISE APPARENT FROM THE RECORD AS DELINEATED AND DISCUSSED

ABOVE. THERE IS NO SUBSTANTIAL INDICATION THAT THE JURY'S VERDICT WAS THE RESULT OF COMPROMISE OF THE LIABILITY AND DAMAGES QUESTIONS.

D) THE ORGINAL VERDICT DEFINITELY ESTABLISHED LIABILITY.

THIS WAS NOT A SPLIT VERDICT IN WHICH ONE PARTY PREVAILS ON SOME CLAIMS, WHILE THE OTHER PARTY PREVAILS ON THE OTHERS. THIS WAS NOT A PARTIAL VERDICT IN WHICH THE JURY RENDERED A VERDICT ON SOME BUT NOT ALL COUNTS OR ISSUES. THIS WAS AN UNANIMOUS VERDICT OF EIGHT JURORS ON ALL ISSUES. THE ISSUE OF LIABILITY WAS NOT CLOSE AS INDICATED BY THE JURY'S FINDINGS ALL IN THE PLAINTIFF'S FAVOR AND THE AWARD OF PUNITIVE DAMAGES AGAINST DEFENDANT ODEDERE RELATED TO THOSE CLAIMS. JURORS WERE NOT CONFUSED IN DELIBERATION. THIS WAS NOT A COMPROMISE VERDICT. THIS WAS NOT A 'SYMPATHETIC' PLAINTIFF AGAINST AN 'UNSYMPATHETIC' DEFENDANT. THE EVIDENCE PRESENTED TO THE JURY WAS MORE THAN ENOUGH TO SUPPORT THEIR FINDINGS ON THE ISSUES OF LIABILITY. THE ISSUE OF LIABILITY WAS PROPERLY AND FAIRLY DETERMINED SO THAT NO SUBSTANTIAL COMPLAINT COULD BE MADE WITH RESPECT THERETO.

## CONCLUSION

THEREFORE, BASED ON THE FACTS AND LEGAL PRINCIPLES DISCUSSED, IT CAN BE CONCLUDED THAT THE JURY'S AWARD OF ZERO DOLLARS IN COMPENSATORY DAMAGES IS SO INADEQUATE RELATIVE TO THE EVIDENCE AND THE INJURY SUFFERED BY THE PLAINTIFF THAT TO ALLOW IT TO STAND WILL RESULT IN A MISCARRIAGE OF JUSTICE.

THE RECORD CONTAINS ABSOLUTELY NO INDICIA OF A COMPROMISE OTHER THAN THE LOW AMOUNT OF COMPENSATORY DAMAGES. THE JURY REACHED ITS VERDICT WITHIN A REASONABLE PERIOD OF TIME. IT OBVIOUSLY WAS NOT DEADLOCKED. THE JURY DID NOT SEEK COMMUNICATION WITH THE COURT FOR HELP UNDERSTANDING THE INSTRUCTIONS. THE JURY DID NOT ATTEMPT TO

QUALIFY ITS VERDICT. EVIDENCE OF LIABILITY WAS SUBSTANTIAL. FINALLY THE LOW AWARD CAN REASONABLY BE EXPLAINED BY THE JURY'S CONSIDERATION OF OTHER IMPROPER FACTORS. THE TOTALITY OF THE CIRCUMSTANCES SIMPLY DOES NOT POINT UNERRINGLY TO A COMPROMISE VERDICT.

IN THIS ACTION, THEN, THE COURT CAN CONCLUDE THE ISSUES OF LIABILITY AND DAMAGES ARE DISTINCT AND SEPARABLE. AN ERRONEOUS DETERMINATION AS TO DAMAGES SHOULD NOT AFFECT THE REASONABLE DETERMINATION OF LIABILITY. EVIDENCE AS TO DAMAGES SUSTAINED BY THE PLAINTIFF IS SEVERABLE FROM ANY EVIDENCE AS TO LIABILITY AND THE JURY SHOULD HAVE AWARDED THE PLAINTIFF REASONABLE COMPENSATION FOR HIS INJURIES. THE PLAINTIFF'S INJURIES CLEARLY EXCEEDS THE JURY'S AWARD OF ZERO DOLLARS IN COMPENSATORY DAMAGES. IN VIEW OF THE UNDISPUTED [redacted] EVIDENCE OF THE PLAINTIFF'S RIGHT HAND BEING BROKEN REQUIRING SURGERY, THE METAL PLATE AND SIX SCREWS IN HIS HAND PERMANENTLY, THE NEED FOR OVER TWENTY PHYSICAL THERAPY SESSIONS TO ADDRESS THE DOCUMENTED LOSS OF RANGE OF MOTION IN THE SURGICALLY REPAIRED RIGHT HAND, THE CONTINUANCE TO TODAY OF THE LOSS OF RANGE OF MOTION AND PAIN IN THE PLAINTIFF'S RIGHT HAND WHICH THE PLAINTIFF TAKES A PRESCRIPTION PAIN MEDICATION DAILY FOR, THE EXTENSIVE SWELLING OF ARMS AND HANDS, AND THE NUMEROUS WOUNDS/CONTUSIONS/BRUISES ON HIS ARMS AND HANDS PLUS THE PLAINTIFF'S PAIN THAT CAN BE INFERRED FROM THE CIRCUMSTANCES OF THE INJURY INCLUDING THE VIOLENCE WITH WHICH IT WAS INFLICTED AND PROVED DIRECTLY, ITS EVIDENT THAT THE JURY DID NOT COMPLY WITH THE INSTRUCTIONS OF THE COURT IN DETERMINING ITS AWARD OF ZERO DOLLARS IN COMPENSATORY DAMAGES TO THE PLAINTIFF TO FAIRLY AND JUSTLY COMPENSATE PLAINTIFF FOR ANY DAMAGES HE SUSTAINED [AND IS REASONABLY CERTAIN TO SUSTAIN IN THE FUTURE] AS A DIRECT RESULT OF DEFENDANT ODEDERE'S EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION AND BATTERY.

THE JURY, HAVING FAILED TO RECOGNIZE, AT A MINIMUM, THE UNDISPUTED FACTS CONCERNING PLAINTIFF'S INJURIES... AND TO AWARD HIM REASONABLE COMPENSATORY DAMAGES TO WHICH HE IS ENTITLED, A NEW TRIAL ON THE ISSUE OF DAMAGES IS MANDATED. BROWN V. WACHOLZ, INC., 467 F.2D 18, 21 (10TH CIR. 1972).

IT WOULD BE GROSSLY UNFAIR TO PLAINTIFF, AS WELL AS CONTRARY TO THE SPIRIT OF F.R. 59,

TO REQUIRE A RETRIAL OF THE QUESTION OF DEFENDANT'S CULPABILITY WHICH HAS ALREADY BEEN DECIDED BY THE JURY IN PLAINTIFF'S FAVOR. MOREOVER, A GRAVE INJUSTICE WOULD OCCUR TO A PLAINTIFF IF, HAVING SUBMITTED THE QUESTION OF LIABILITY TO A JURY, AND HAVING OBTAINED A FAVORABLE VERDICT, A PLAINTIFF SHOULD BE COMPELLED TO RISK ANOTHER TRIAL, WITH A POSSIBILITY OF AN ADVERSE VERDICT, SOLELY BECAUSE A JURY FAILED TO TAKE INTO CONSIDERATION ALL OF THE ELEMENTS OF DAMAGES AS CLEARLY INSTRUCTED BY THE COURT. YATES v. DANN, 11 F.R.D. 386, 394 (D. DEL. 1951); DEVINE v. PATTESON, 242 F.2D 828, 832 (6TH CIR. 1957).

THE PLAINTIFF HOPES THIS COURT IS NOT WILLING TO TAKE AWAY PLAINTIFF'S HARD FOUGHT AND FAIRLY WON VERDICT WHICH DEFINITELY ESTABLISHED LIABILITY BY FORCING HIM TO RE-LITIGATE THAT ISSUE GIVEN THE SEVERABILITY OF THE EVIDENCE AS TO LIABILITY AND DAMAGES MERELY TO CORRECT AN UNJUSTLY INADEQUATE AWARD OF COMPENSATORY DAMAGES THAT WAS NOT CLEARLY AND SUBSTANTIALLY THE PRODUCT OF A COMPROMISE.

THE PLAINTIFF'S MOTION FOR A NEW TRIAL AS TO DAMAGES ONLY SHOULD BE GRANTED. THE LIABILITY ISSUE WAS DEFINITELY ESTABLISHED BY SUBSTANTIAL EVIDENCE. DEFENDANT ODEDERE WAS NOT DEPRIVED OF A FAIR TRIAL OR SUFFERED PREJUDICE. THE JURY'S AWARD OF ZERO DOLLARS IN COMPENSATORY DAMAGES TO COMPENSATE THE PLAINTIFF FAIRLY AND JUSTLY FOR ANY DAMAGES HE SUSTAINED [AND IS REASONABLY CERTAIN TO SUSTAIN IN THE FUTURE] AS A DIRECT RESULT OF THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT EXCESSIVE FORCE CONSTITUTIONAL VIOLATION AND BATTERY COMMITTED BY DEFENDANT ODEDERE IS AGAINST THE WEIGHT OF EVIDENCE AND WILL RESULT IN A MISCARRIAGE OF JUSTICE IF ALLOWED TO STAND.

RESPECTFULLY SUBMITTED JANUARY 9TH 2025

MARTIN RUSSELL DIAMOND
*Martin Russell Diamond*

MARTIN RUSSELL DIAMOND #1324877
MARION CORRECTIONAL INSTITUTION
355 OLD GLENWOOD ROAD
MARION, NC 28752
MAILING ADDRESS

CERTIFICATE OF WORD COUNT

I HEREBY CERTIFY THAT THIS BRIEF COMPLIES WITH THE LIMITATIONS SET FORTH IN LOCAL RULE 7.3 ON WORD COUNT AND LENGTH.

DATE: JANUARY 9 2025

Martin Russell Diamond
MARTIN RUSSELL DIAMOND

MARTIN RUSSELL DIAMOND #1324877
MARION CORRECTIONAL INSTITUTION
355 OLD GLENWOOD ROAD
MARION, NC 28752
MAILING ADDRESS

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON JANUARY 9 2025 I SERVED THE FOREGOING BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR NEW TRIAL AS TO DAMAGES ONLY UPON ALL COUNSEL AND PARTIES LISTED BELOW BY DELIVERING THE SAME TO OFFICIALS AT MARION CORRECTIONAL INSTITUTION FOR PLACEMENT IN THE UNITED STATES MAIL, POSTAGE PREPAID.

JONATHAN REICH
N.C. STATE BAR #41546

NICHOLAS D. ACEVEDO
N.C. STATE BAR #59228

WOMBLE BOND DICKINSON (US) LLP
ONE WEST FOURTH STREET

WINSTON-SALEM, NC 27101

ATTORNEYS FOR DEFENDANT ODEDERE

DATE: JANUARY 9 2025

Martin Russell Diamond
MARTIN RUSSELL DIAMOND