IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARTIN RUSSELL DIAMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV287 |
| | ) | |
| ODETAYO ODEDERE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, Senior District Judge.

Martin Russell Diamond ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against Odetayo Odedere ("Defendant"). (ECF No. 1 at 2.) Plaintiff alleged causes of action against Defendant stemming from an alleged deprivation of his constitutional rights during an incident that occurred during his incarceration. (*Id.* at 4.) This case was tried before a jury on December 16-17, 2024, and a jury verdict was rendered in favor of Plaintiff with an award of punitive damages, and nominal damages. (ECF Nos. 113; 114.) Before the Court is Plaintiff's Motion for a New Trial as to Damages. (ECF No. 117.) For the reasons stated herein, Plaintiff's motion will be denied.

**I.    BACKGROUND**

Plaintiff, a state prisoner, filed a "Complaint for Violation of Civil Rights" after an incident that occurred on April 12, 2021, at Southern Correctional Institution. (ECF No. 1 at 1, 4.) Plaintiff's Complaint named four Defendants—Defendants Parker, Euote, Crisco, and Odedere—and asserted claims regarding excessive force and failure to intervene in violation

of the Eighth Amendment. (ECF No. 1 at 21–26.) Following discovery and dispositive motions, (ECF Nos. 29; 49), the case was set for trial. (ECF No. 52 at 1.)

On November 14, 2024, Defendants Parker, Euote and Crisco reached a settlement agreement with Plaintiff. (Minute Entry dated November 14, 2024.) Leaving Defendant Odedere as the only remaining Defendant. (*Id.*) The trial in this case began on December 16, 2024, and lasted two days. (Text Order dated December 16, 2024; ECF No. 113.) On December 17, 2024, the jury entered a verdict. (ECF No. 114 at 1.) The jury found that Plaintiff proved by a preponderance of the evidence that (1) Defendant violated Plaintiff's Eighth Amendment rights by using excessive force and (2) that Defendant committed a battery against him. (*Id.*) A judgment was then entered in accordance with the jury verdict awarding punitive damages in the amount of $10,000. (ECF No. 122.) On January 17, 2025, Plaintiff filed the instant Motion for a New Trial as to Damages. (ECF No. 117.)

## II.  STANDARD OF REVIEW

A party may challenge a verdict under Rule 59, but it is an "extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Whether to grant a new trial "rests within the sound discretion of the trial court but such discretion must not be arbitrarily exercised." *City of Richmond v. Atl. Co.*, 273 F.2d 902, 916 (4th Cir. 1960). A district court must grant a new trial if: (1) the verdict is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996) (citations omitted).

"A jury verdict may be set aside and the case remanded for a new trial when it is not possible to reconcile the findings. Likewise, a new trial is appropriate if the verdict is against the clear weight of the evidence." *Jones v. Southpeak Interactive Corp. of Deleware*, 777 F.3d 658, 674–75 (4th Cir. 2015) (quoting *TransDulles Cent., Inc. v. USX Corp.*, 976 F.2d 219, 227 (4th Cir. 1992). A district court must however, and should have, both practical and theoretical respect for the fact-finding and truth-seeking functions of the civil jury. *Ledford v. Gibson*, 648 F.Supp. 326, 328 (M.D.N.C. Nov. 10, 1986).

### III. DISCUSSION

Plaintiff filed a Motion for a New Trial as to Damages pursuant to Fed. R. Civ. P. 59(a). (ECF No. 117 at 1.) Plaintiff argues that the weight of the evidence at trial proved that he suffered an actual injury from Defendant's violations and that the jury's finding of zero dollars in compensatory damages is against the weight of evidence and will result in a miscarriage of justice. (ECF No. 118 at 5, 7–8.) Defendant counters that the evidence demonstrated that Plaintiff refused to comply with prison guards, therefore he was aware of the risk of injuries that could occur, and that the testimony during trial supports that Plaintiff was still able to use his hands for activities such as exercising. (ECF No. 127 at 4, 5–6.)

The central question before the Court is whether the weight of Plaintiff's evidence at trial regarding compensatory damages was such that a reasonable jury could not find that he suffered no compensatory damages. "[T]he basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Memphis Cmty. School Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (internal quotations omitted) (citation omitted). No compensatory damages can be awarded for the violation of a right, absent proof of actual

3

injury. *Carey v. Piphus*, 435 U.S. 247, 264 (1978). However, compensatory damages do not automatically flow from a finding of a constitutional violation.

On the issue of compensatory damages, this Court instructed the jury to award sufficient damages for injuries that a party has actually suffered or which he is reasonably likely to in the near future. The Court specifically instructed the jury on the difference between economic and non-economic damages.

At trial Plaintiff presented no evidence of economic damages. Plaintiff presented no medical expenses, or lost wages. Further, Plaintiff testified that he was able to continue working while incarcerated, and that he planned to work after his release. This Court finds that the jury's determination to award Plaintiff zero dollars in economic damages is not against the weight of the evidence, based upon information that is false, nor a miscarriage of justice. *See Atlas Food Sys.*, 99 F.3d at 594.

Regarding non-economic damages, the Court also finds that the jury verdict was supported by the evidence presented at trial. Although Plaintiff presented evidence from his physical therapist, Melissa Manning, she could not testify to Plaintiff's pain or suffering beyond their last session on September 22, 2021. Manning testified that Plaintiff only reported pain when he moved his fingers, reported that he was able to do exercises like pushups, and that as of their last session he was reporting his pain as a 4/10.

The other evidence presented at trial on non-economic damages was from Plaintiff himself. Plaintiff testified that he still experiences pain when he bends his hand and when he holds things. However, he also testified that he handwrites letters to his family and lawyers. Further, as stated above, he testified that he is still able to work. In viewing the evidence as a

4

whole, this Court finds that a reasonable jury could find that Plaintiff suffered no compensatory damages.

Although Plaintiff states that there was ample evidence presented to award compensatory damages, "[t]his argument fails to recognize that the jury may well have disbelieved [plaintiff] and his witnesses' testimony about the injuries he allegedly incurred during this beating." *Denny v. Hinton*, 1190 WL 34233 at *2 (4th Cir. 1990) (unpublished). Further, a reasonable juror could have found a constitutional violation in Defendant's actions, while also finding that Plaintiff's actions were a contributing factor in his injuries, if they found he was in fact injured at all. *See Kane v. Lewis*, 604 F. App'x 229, 234 (4th Cir. 2015) ("A plaintiff asserting a constitutional tort under § 1983 must [] satisfy the familiar element of proximate causation."); *see also Adams v. NaphCare, Inc.*, 2:16-cv-229, 2015 WL 10455885, at * 3 (E.D. Va. 2016) ("[I]n most cases the issue of proximate cause is a factual question for the jury.")

Accordingly, Plaintiff has not shown that the Jury Verdict was against the weight of the evidence, based upon information that is false, nor that it resulted in a miscarriage of justice. *See Atlas Food Sys.*, 99 F.3d at 594. The jury's verdict here supports the finding of liability on both of Plaintiff's claims and the award of punitive damages and nominal damages.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for New Trial as to Damages, (ECF No. 117), is **DENIED**.

This, the 25th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge